1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 DARYL BOUIE,

11        Petitioner,          No. CIV S-07-1267 LEW DAD P

12   vs.

13 D.K. SISTO, Warden,

14        Respondent.        FINDINGS AND RECOMMENDATIONS

15 _____/

16       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17 corpus pursuant to 28 U.S.C. § 2254.  On August 1, 2007, the undersigned ordered respondent to

18 file and serve a response to petitioner's petition.  On September 26, 2007, respondent filed the

19 pending motion to dismiss.  On October 23, 2007, petitioner filed a timely opposition to

20 respondent's motion to dismiss.  Respondent has not filed a reply.

21                      **BACKGROUND**

22       Petitioner challenges a judgment of conviction entered in the Solano County

23 Superior Court on May 3, 2001.  (Resp't's Lodged Doc. 1.)  Petitioner alleges that following a

24 jury trial, he was convicted of first-degree robbery and first-degree burglary and was sentenced to

25 a term of thirty-five years to life in state prison.  (Pet. at 2; Resp't's Lodged Doc. 1.)  On appeal,

26 the California Court of Appeal affirmed petitioner's judgment of conviction on February 27,

1  2002.  (Pet. at 3; Resp't's Lodged Doc. 2.)  The California Supreme Court denied his petition for

2  review on May 15, 2002.  (Pet. at 3; Resp't's Lodged Doc. 4.)

3            On July 30, 2003, petitioner filed a petition for writ of habeas corpus in the

4  Solano County Superior Court.  (Pet. at 3; Resp't's Lodged Doc. 5.)  The court denied the

5  petition on September 4, 2003.  (Pet. at 4; Resp't's Lodged Doc. 6.)  On July 21, 2004, petitioner

6  filed a second petition for writ of habeas corpus in the Solano County Superior Court.  (Resp't's

7  Lodged Doc. 7.)  The court denied that petition on August 31, 2004.  (Id., Doc. 8.)  On June 28,

8  2005, petitioner filed a petition for writ of a habeas corpus in the California Supreme Court.

9  (Resp't's Lodged Doc. 9.)  The California Supreme Court denied the petition on May 10, 2006.

10  (Id.)  On June 27, 2007, petitioner filed the instant petition for writ of habeas corpus.

11                  **RESPONDENT'S MOTION TO DISMISS**

12            Respondent has moved to dismiss the pending petition as time-barred.

13  Respondent contends that the Antiterrorism and Effective Death Penalty Act of 1996

14  ("AEDPA") applies to petitioner's June 27, 2007 petition and it was filed beyond the one-year

15  statute of limitations set out in 28 U.S.C. § 2244(d).  (Resp't's Mot. to Dismiss at 3-4.)

16            Respondent argues that petitioner had one year to file his federal habeas petition

17  from the date on which his judgment of conviction became final by the conclusion of direct

18  review or the expiration of the time for seeking such review.  Here, respondent contends that

19  petitioner's conviction became final on August 15, 2002, ninety days after the California

20  Supreme Court denied his petition for review.  Absent any tolling, respondent argues that

21  petitioner had until August 15, 2003 to file a timely federal habeas petition.  (Resp't's Mot. to

22  Dismiss at 3.)

23            Respondent acknowledges that proper filing of a state post-conviction application

24  with respect to the pertinent judgment tolls the one-year statute of limitations period.  However,

25  respondent contends that a state habeas petition filed after the statute has expired does not toll the

26  limitations period.  Here, respondent asserts that petitioner filed his first state habeas petition in

2

1  the Solano County Superior Court on July 30, 2003, two weeks before the federal statute of

2  limitations was to expire on August 15, 2003.  The Superior Court denied the petition on or

3  about August 29, 2003.  Petitioner then waited eleven months before filing another habeas

4  petition in the Solano County Superior Court, on July 21, 2004.  After the court denied that

5  petition on August 31, 2004, petitioner waited another nine months before filing a state habeas

6  petition in the California Supreme Court on June 28, 2005.  (Resp't's Mot. to Dismiss at 3.)

7  Finally, after the California Supreme Court denied that petition on May 10, 2006, petitioner

8  waited more than thirteen months before filing the instant federal petition on June 27, 2007.  (Id.

9  at 4.)

10      Respondent contends that the statute of limitations was tolled for thirty days

11  during the pendency of petitioner's first state habeas petition in the Solano County Superior

12  Court.  However, respondent argues that petitioner is not entitled to "gap" tolling during the

13  eleven-month delay between his first and second state habeas petitions in the Solano County

14  Superior Court.  Respondent argues that petitioner's only excuse for his untimeliness is that he

15  was attempting to educate himself on various legal issues.  Respondent maintains, however, that

16  such efforts do not suffice to toll the statute of limitations.  (Resp't's Mot. to Dismiss at 3.)

17      Respondent also argues that the statute of limitations was not tolled while

18  petitioner's second state habeas petition was pending in the Solano County Superior Court

19  because petitioner was not pursuing his state court remedies in a higher court.  Respondent notes

20  that the AEDPA limitations period actually expired during the time this second petition in the

21  Superior Court was pending.  (Resp't's Mot. to Dismiss at 3.)  Respondent argues that, even if

22  petitioner was entitled to tolling while his second state habeas petition was pending, he is not

23  entitled to "gap" tolling during the nine-month delay between the denial of his second state

24  habeas petition by the Solano County Superior Court and the filing of his habeas petition in the

25  California Supreme Court.  (Resp't's Mot. to Dismiss at 3.)

26  /////

1    Finally, respondent argues that even if the statute of limitations were tolled for the

2    entire time petitioner was pursuing his state habeas petitions, he then waited thirteen and one-half

3    months after the California Supreme Court's decision before filing his federal petition.

4    Respondent contends that the limitations period unquestionably expired during this lengthy

5    period of delay.  (Resp't's Mot. to Dismiss at 3.)  Respondent concludes that the petition is

6    untimely, and the court should dismiss it with prejudice.

7                          **PETITIONER'S OPPOSITION**

8    Petitioner argues that his ineffective trial counsel and appellate counsel caused the

9    delays in his filings of state habeas petitions.  Petitioner also argues that the Contra Costa County

10   crime laboratory caused him additional delays because they refused to provide him with much-

11   needed documentation, including lab reports.  Petitioner notes that any other delays can be

12   attributed to his attempts to learn about the law, to understand D.N.A. tests, and to investigate

13   possible tampering with evidence.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 10.)

14   Petitioner argues that the court should review his habeas corpus petition because:

15   (1) his case stands in direct conflict with Ninth Circuit precedent; (2) his case presents a question

16   of exceptional importance, mainly, under what circumstances should a court consider a petition

17   timely; (3) his case will affect the nationwide standard regarding the timeliness of petitions and

18   the interpretation of "pending" and "properly filed"; (4) a jury should have decided the

19   aggravated enhancements attached to his sentence; and (5) he is actually innocent – a claim not

20   subject to the statute of limitations.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2.)

21                                **ANALYSIS**

22   I.  The AEDPA Statute of Limitations

23   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

24   Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

25   /////

26   /////

4

(d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to petitioner's June 27, 2007 petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

Judgment was entered against petitioner in the Solano County Superior Court on May 3, 2001.  The Court of Appeal affirmed his conviction on February 27, 2002.  The California Supreme Court denied his petition for review on May 15, 2002.  For purposes of federal habeas review, petitioner's conviction became final on August 15, 2002, ninety days after the California Supreme Court's denial of his petition for review.  The AEDPA one-year statute of limitation period began to run the following day, on August 16, 2002, until it expired on August 15, 2003.  Petitioner filed his federal habeas petition almost four years later, on June 27, 2007.

/////

5

1    Accordingly, petitioner's petition for writ of habeas corpus is untimely unless he is entitled to the

2    benefit of tolling.

3              "The time during which a properly filed application for State post-conviction or

4    other collateral review with respect to the pertinent judgment or claim is pending shall not be

5    counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

6    limitations is not tolled during the interval between the date on which a judgment becomes final

7    and the date on which the petitioner files his first state collateral challenge because there is no

8    case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

9    commences state collateral proceedings, a state habeas petition is "pending" during a full round

10   of review in the state courts, including the time between a lower court decision and the filing of a

11   new petition in a higher court, as long as the intervals between petitions are "reasonable."  Carey

12   v. Saffold, 536 U.S. 214, 222-24 (2002).

13             Here, petitioner filed his first state petition for writ of habeas corpus on July 30,

14   2003, approximately two weeks before the statute of limitations for the filing of a federal petition

15   expired.  The Superior Court denied the petition on September 4, 2003.  Petitioner then delayed

16   nearly eleven months before filing his second state habeas petition on July 21, 2004, also in the

17   Solano County Superior Court.  The Superior Court denied the petition on August 31, 2004.

18   Petitioner then waited nearly another ten months before he filed his state habeas petition on June

19   28, 2005 with the California Supreme Court.  The court denied the petition on May 10, 2006.

20   Petitioner then waited more than a year to file his federal habeas petition with this court on June

21   27, 2007.

22             Thus, petitioner waited almost a year after his conviction became final before he

23   filed his first state habeas petition with the Solano County Superior Court.  Petitioner then

24   delayed more than a year after the California Supreme Court denied his final state habeas petition

25   before he filed his federal habeas petition.  Even assuming petitioner were entitled to the

26   statutory tolling for the entire time he was pursuing habeas relief in state court, his federal

petition would still be untimely by over one year.[1]  See 28 U.S.C. § 2244(d).  In this regard,

petitioner had only two weeks remaining to file his federal petition when he first sought habeas

relief in the state courts.  The California Supreme Court denied habeas relief on May 10, 2006.

Yet, petitioner did not file his federal petition until June 27, 2007.  By that time the AEDPA

statute of limitations had long since expired.

III.  Actual Innocence Claim

Petitioner asserts in his opposition that "[m]y actual innocence claim doesn't have

a statute of limitations."  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)  In his petition, he

alleges:

> When I was arrested the police logged in item RM5 as having no
> blood stain on the item.  2 separate officers signed another
> statement saying that only item RM1 had blood stains on it.  At
> trial the officer who authored the report said, he specifically looked
> for blood stains on the slacks – item # RM5, and that there wasn't
> any bloodstain to the naked eye to be seen.  12 to 17 days later, an
> incriminating stain made its way onto RM5.

(Pet. at 5.)

Petitioner argues that his conviction is based solely on a dime-sized drop of blood,

matching that of the victim's, found on a pair of pants taken from the hotel room in which police

officers arrested him.  (Pet. at 9.)  Petitioner contends that drop of blood on the pants was not

noted in police reports prepared the day of his arrest and was not discovered until eighteen days

later, suggesting evidence tampering.  (Id.)

---

[1]  To the extent that petitioner's explanations regarding his untimely filing may be construed as an argument for equitable tolling, the court rejects it.  The Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that equitable tolling is allowed by § 2244(d)). Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  In the present case, petitioner has clearly failed to demonstrate that he pursued his habeas claims diligently and is entitled to equitable tolling.  This is particularly true given the lengthy delays between the filing of petitions detailed above.

A habeas petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)).  A petitioner's claim of actual innocence must be supported "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324.  The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).  See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc); Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002).

In this case, petitioner has not offered any new evidence.  Rather, he merely speculates that the evidence introduced at trial was the result of tampering.  Such speculation does not entitle him to relief.  Accordingly, the court concludes that the petitioner has not satisfied the Schlup standard with respect to an otherwise barred claim.  Therefore, the instant petition should be dismissed with prejudice because it is time barred.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's September 26, 2007 motion to dismiss be granted; and

2.  This action be dismissed with prejudice because the petition for writ of habeas corpus was filed beyond the one-year statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
boui1267.157

9